UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK S.,[1] | )<br>) |
|     Plaintiff, | ) Case No. 21 cv 4234<br>) |
|         v. | ) Magistrate Judge Susan E. Cox<br>) |
| KILILO KIJAKAZI, Commissioner of the<br>Social Security Administration, | )<br>)<br>) |
|     Defendant. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark S. ("Plaintiff") appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying him disability benefits under Title II and Title XVI of the Social Security Act. Plaintiff filed an Opening Brief, which the Court construes as a motion for summary judgment, and the Commissioner filed a cross-motion for summary judgment. For the following reasons, Plaintiff's motion (Dkt. 20) is denied, and the Commissioner's cross-motion (Dkt. 22) is granted. The decision of the Commissioner is affirmed.

**I.    Background**

Plaintiff filed for disability insurance benefits on April 17, 2019, and filed for supplemental security income on July 12, 2019; both applications allege a disability onset date of April 26, 2019. (Administrative Record ("R.") 13.) Plaintiff's application was denied initially and upon reconsideration. (*Id*.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on July 28, 2020. (*Id*.) On February 24, 2021,[2] the ALJ issued an unfavorable decision finding that Plaintiff was not disabled as defined by the Social Security Act. (R. 13-28.) On

---

[1]    In accordance with Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2]    After the hearing, the record was held open to collect outstanding evidence, which Plaintiff provided on January 21, 2021. (R. 13.)

July 20, 2021, the Appeals Council denied Plaintiff's request for review (R. 1-4), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g); *see Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

The ALJ's opinion followed the five-step analytical process required by 20 C.F.R. § 404.1520. At Step One, the ALJ found Plaintiff had engaged in substantial gainful activity from the alleged onset date of April 26, 2019, through June 2, 2020. (R. 16.) At Step Two, the ALJ found Plaintiff had the severe impairments of bilateral carpal tunnel syndrome, scapholunate dissociation of the right wrist, injury of the triangular fibrocartilage complex of the left wrist, obesity, bipolar disorder, and anxiety. (*Id.*) At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. (R. 17.) Before Step Four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations: occasional climbing of ladders, ropes, and scaffolds; occasional stooping; frequent crawling; frequent reaching overhead with the right upper extremity; frequent handling bilaterally; no complex instructions due to a moderate limitation in concentration, but able to perform simple work of a routine type; and only brief contact with supervisors and coworkers and brief and superficial contact with the general public due to a moderate limitation in social functioning. (R. 19.) At Step Four, the ALJ determined Plaintiff was incapable of performing his past relevant work. (R. 26.) At Step Five, the ALJ found that there are jobs that exist in significant numbers in the national economy Plaintiff can perform, given his age, education, work experience, and RFC. (R. 27.) Because of these determinations, the ALJ found Plaintiff not disabled under the Social Security Act. (R. 28.)

II. **Social Security Regulations and Standard of Review**

To be eligible for disability insurance benefits, an applicant must prove that he is disabled under the Social Security Act as of his date last insured ("DLI"). *Shideler v. Astrue*, 688 F.3d 306,

311 (7th Cir. 2012). ALJs conduct a sequential five-step inquiry to determine whether a claimant is legally disabled, asking (1) Is the claimant unemployed? (2) Does the claimant have a severe impairment? (3) Does the claimant's impairment meet or equal an impairment specifically listed in the regulations? (4) Is the claimant unable to perform a former occupation? and (5) Is the claimant unable to perform any other work in the national economy? *See Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992); 20 C.F.R. § 404.1520(a)(4). "An affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (internal quotations omitted); *Young*, 957 F.2d at 389. The claimant bears the burden of proof at steps one through four. *Weatherbee v. Astrue*, 649 F.3d 565, 569 (7th Cir. 2011). At the final step, the burden shifts to the Commissioner; if she shows that the claimant can "perform work that exists in a significant quantity in the national economy," the claimant is not disabled. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v).

In disability benefits cases, the scope of a court's review is limited to determining whether the Commissioner's final decision adequately discusses the issues and is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In reviewing an ALJ's decision, the Court may not "reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the" ALJ. *Clifford*, 227 F.3d at 869. Although the Court's review is deferential, *Steele v. Barnhart*, 290 F.3d 936, 938 (7th Cir. 2002), the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and her conclusions. *Id.* at 941 (internal citation and quotations omitted).

**III. Discussion**

Plaintiff contends the ALJ reversibly erred by: (1) finding that Plaintiff's mental and physical impairments would not preclude him from working; and (2) finding that Plaintiff performed substantial gainful activity between October 2019 and June 2020. For the reasons discussed more fully below, the Court rejects Plaintiff's arguments.

**A. Substantial Evidence Supports the ALJ's RFC Findings**

Substantial evidence supports the ALJ's physical and mental RFC findings. Contrary to Plaintiff's assertion, the ALJ did not find that his physical and mental symptoms "would not interfere with [his] ability to work," but instead found that they were not so disabling as to preclude him from all work that exists in significant numbers in the national economy. (Dkt. 20 at 1.) The specific question before this Court is whether the ALJ's conclusions are supported by substantial evidence on the record; it is improper for this Court to re-weigh the evidence or substitute its own judgment for the ALJ's. In light of this deferential standard, the Court affirms the ALJ's RFC findings.

Regarding Plaintiff's physical impairments, the ALJ carefully reviewed all the medical evidence in the record over the course of approximately four single-spaced pages. Several pages later, the ALJ went through each limitation in the RFC and explained the evidence she used to support the limitation. For example, the ALJ demonstrated that Plaintiff noted improvement of his wrist issues with physical therapy and showed intact motor strength in his arms and intact abduction of his fingers and grip, which – in addition to his testimony that he could lift and carry 15-20 pounds – supported a light work RFC. (R. 25.) The ALJ also explained how Plaintiff's carpal tunnel syndrome would limit him to frequent (as opposed to constant) bilateral handling because of the strain that activity would put on his hands and wrists. (*Id.*) In short, the ALJ was able to cite evidence in the record that supported her conclusions, and the Court will not overturn her physical RFC finding.

The ALJ did the same for Plaintiff's mental impairments. In determining the Paragraph B

criteria, the ALJ expressly cited the medical evidence she relied on to reach her conclusions, and the Court finds that a reasonable mind could look at that evidence and accept it as an adequate support for the conclusions the ALJ reached. For instance, the ALJ found that Plaintiff only had a moderate limitation with regard to concentration, persistence, and pace based on Plaintiff's reports he is able to focus to drive and attend appointments; mental status examinations showing no memory problems; and Plaintiff's ability to live alone, care for himself, and manage his finances. (R. 18.) However, due to his reported difficulty concentrating while reading or watching TV and drowsiness from medication, the ALJ included an RFC limitation to simple routine work. (R. 18-19.) The ALJ performed similar analyses related to all the other Paragraph B criteria and mental limitations in the RFC. (*Id.*) The Court believes the ALJ adequately supported her conclusions with substantial evidence and affirms her findings.

To be clear, just as the question before this Court is fairly limited, so too was the question before the ALJ. The ALJ necessarily could only consider the evidence that was presented to her through January 2021. The Court is aware that Plaintiff continues to suffer from his mental health conditions and has struggled with life circumstances during the pendency of this appeal. The Court is also cognizant of the fact that many of Plaintiff's mental health issues were understandably exacerbated by the COVID-19 pandemic and his condition may have deteriorated between the ALJ's opinion and the date of this Memorandum Opinion and Order. While it may be cold comfort, Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2025 and is eligible for benefits if he can show he was disabled at any time before that date. Although he may not have been disabled between April 2019 and January 2021, he is not prohibited from re-applying for benefits with a later alleged onset date.

## B. The ALJ Adequately Supported her Step One Analysis

Substantial Gainful Activity ("SGA") is defined by the relevant regulations as "work activity

that involves doing significant physical or mental activities" and is done for pay or profit. 20 C.F.R. § 404.1572. Generally, the Commissioner reviews a claimant's earnings to evaluate whether work rises to the level of SGA. 20 C.F.R. § 404.1574(a)(1). In 2019, the threshold for monthly SGA for non-blind disability claimants was $1,220; in 2020, that number rose to $1,260. Social Security Administration, *Substantial Gainful Activity*, https://www.ssa.gov/oact/cola/sga.html (last visited June 22, 2022). Plaintiff's earnings records show he earned $7,193 in the fourth quarter of 2019, which is approximately $2,297.67 per month. (R. 253). Over the first two quarters of 2020, Plaintiff earned $14,158, which is approximately $2,419.67 per month. As such, Plaintiff performed SGA during those time periods, as his earnings were well above the threshold for 2019 and 2020.

Plaintiff contends that he only worked for 5.25 months from October 2019 through April 2020, which qualifies as a "failed work attempt" under the relevant regulations. The Social Security Regulations provide that "[w]e will consider work of 6 months or less to be an unsuccessful work attempt if you stopped working or you reduced your work and earnings below the substantial gainful activity earnings level because of your impairment…." 20 C.F.R. § 404.1574(c)(4). Plaintiff had shoulder surgery in 2019 and returned to work in October 2019, but was limited to light duty. (R. 43.) At the hearing before the ALJ in July 2020, Plaintiff testified he was still employed by his company (*Id*.), and the ALJ found that Plaintiff had not worked after receiving Family Medical Leave Act ("FMLA") leave beginning June 2, 2020 (R. 16, 20). As such, there was evidence in the record before the ALJ that indicated Plaintiff had worked for somewhere between eight and nine months before he took FLMA leave. While Plaintiff contends he stopped working in April 2020 after he contracted COVID-19 (and there may be evidence to support that conclusion in the record), the question before the Court is a narrow one – whether there is substantial evidence in the record to support the ALJ's conclusion that Plaintiff's work rose to the level of SGA in the fourth quarter of 2019, first quarter of 2020, and second quarter of 2020. The Court is not permitted to reweigh the evidence or substitute

its own judgment on review. The Court finds there was sufficient evidence, including Plaintiff's own testimony, to support the ALJ's conclusion and will not overturn that finding on review.

### IV. Conclusion

Plaintiff's motion (Dkt. 20) is denied, and the Commissioner's cross-motion (Dkt. 22) is granted. The decision of the Commissioner is affirmed.

Entered: June 27, 2022

Susan E. Cox,
United States Magistrate Judge